# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

OCIE LEE LYNCH, )
)
    Plaintiff, )
)
v. )   Case No.  2:16-CV-00967-KOB-JHE
)
JEFFREY W. SALYER, )
)
    Defendants. )

## MEMORANDUM OPINION

The magistrate judge filed a report on June 12, 2017, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b).  (Doc. 13).  The plaintiff has filed objections to the report and recommendation.  (Doc. 14).

After repeating the factual allegations supporting his claims, the plaintiff declares he is "not attacking his [state capital] conviction" and sentence, and therefore is not seeking habeas relief.  (*Id.* at 1-7).  Instead, his "civil complaint" is to "expose" with "the facts how unprofessional Mr. Jeffrey Salyer acted" as his capital defense counsel "and how neglectful and careless[] he was" to the plaintiff "as a client."  (*Id.*).

For relief, the plaintiff desires "closure" and "knowledge" for himself and his family that Salyer is "being held accountable" for using his appointment as the plaintiff's defense counsel to engage in professional misconduct and poor judgment during the state court capital proceedings as a "personal vendetta" against the plaintiff. (*Id.*). The plaintiff also demands Salyer "pay for" breaking his Sixth and Fourteenth Amendment rights under the United States Constitution and the Alabama State Constitution. (*Id.*). Finally, the plaintiff clarifies that his request for appointment of federal counsel is not because he desires habeas representation in this § 1983 case, but is because he does not trust any state public defenders to represent him in state post-conviction proceedings. (*Id.* at 8).

Despite his insistence to the contrary, the plaintiff's allegations do attack the validity of his state court capital conviction and sentence as a matter of law. He declares his innocence and asserts Salyer's professional misconduct during the state court capital proceedings violated his Sixth and Fourteenth Amendment constitutional rights. (Doc. 1 at 6; Doc. 14 at 7). He requests appointment of a federal lawyer for the express purpose of pursuing state post-conviction remedies to "fix this major problem caused by Mr. Salyer." (Doc. 1 at 6; Doc. 14 at 8).

A judgment in his favor for declaratory or monetary relief as to either of these claims would necessarily imply the invalidity of his convictions and sentence. *See Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000)

(quoting *Strickland v. Washington*, 466 U.S. 688, 694 (1984) ("To succeed on a claim of ineffective assistance, Petitioner must show both incompetence and . . . that there 'is a reasonable probability that, *but for counsel's unprofessional errors, the result of the proceeding would have been different*.'") (internal citation omitted, emphasis supplied)); *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) ("the Fourteenth Amendment makes the Sixth Amendment's guarantee of right to counsel obligatory upon the States." )

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973)); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."). The plaintiff's allegations against his attorney challenge—even if indirectly—the validity of his state court conviction.

Further, even if his allegations did not bring into issue the validity of his conviction, as the magistrate judge explained, his civil action against his attorney cannot be brought in federal court. This federal court has very limited jurisdiction. Mr. Lynch tries to invoke its jurisdiction under 42 U.S.C. § 1983. But without actions under color of state law, his claim under § 1983 is legally flawed. In reaching this decision, neither the magistrate judge nor this judge make any

determination of the merits of Mr. Lynch's allegations against Mr. Salyer—only that the allegations do not support a claim under § 1983 and do not confer jurisdiction on this court.

The plaintiff's objections are **OVERRULED** and the plaintiff's request for appointment of federal lawyer to represent him during any state post-conviction proceedings is **DENIED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the plaintiff's objections, the court ADOPTS the magistrate judge's report and ACCEPTS the recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), the plaintiff's federal claims are due to be dismissed without prejudice. Additionally, the plaintiff's state law claims asserted in the complaint are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The court will enter a separate Final Order.

DONE and ORDERED this 9th day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE